SMALLWOOD, JUDGE:
*587 Stephen H. Meade appeals from an opinion and order of the Fayette Circuit Court granting the motions of John Dvorak, M.D. and Colorectal Surgical and Gastroenterology Associates to strike Meade's expert witness and for summary judgment. For the reasons stated below, we find no error and AFFIRM the opinion and order on appeal.
On December 16, 2015, Meade filed the instant action in Fayette Circuit Court alleging that Dr. John Dvorak negligently performed a colorectal resection surgical procedure which required subsequent surgical intervention to address complications.[2] A scheduling order was entered on February 13, 2017, giving Meade sixty days to make witness disclosures under Kentucky Rule of Civil Procedure (CR) 26.02. Meade did not disclose any expert witnesses within the sixty-day period, resulting in the Defendants moving for summary judgment based on Meade's failure to name an expert witness.
On May 19, 2017, the Fayette Circuit Court denied the motion for summary judgment, and gave Meade an additional twenty days to make any disclosures. Meade identified Dr. Scott Russell Steele as an expert witness on June 8, 2017, and disclosed Dr. Steele's anticipated opinions. Dr. Steele's deposition was scheduled for September 22, 2017. On the day prior to the deposition, Meade filed an emergency motion to continue the deposition. In support of the motion, Meade alleged that Dr. Steele would be unavailable for the deposition on the scheduled date because he would be performing one or more surgeries. The deposition was cancelled.
On September 27, 2017, Dvorak and Colorectal Surgical and Gastroenterology Associates (hereinafter "CSGA") moved to strike Dr. Steele as an expert. Two days later, Dvorak and CSGA filed a renewed motion for summary judgment contingent on their motion to strike. The court heard arguments on the motions, and rendered an opinion and order on November 16, 2017, granting both motions. Citing Clephas v. Garlock, Inc. , 168 S.W.3d 389 (Ky. App. 2004), the court determined that because Meade's CR 26.02 disclosure was made before Dr. Steele had a chance to review Meade's medical records and form an expert opinion, Meade failed to comply with CR 26.02. Having struck Meade's expert, the court went on to grant the Appellees' motion for summary judgment. This appeal followed.
Meade now argues that the Fayette Circuit Court erred in granting the Appellees' motion to strike and motion for summary judgment. Meade argues that the Fayette Circuit Court improperly interpreted CR 26.02 to conclude that an expert must reach a medical opinion before the expert may be disclosed. Meade directs our attention to the language of CR 26.02 stating *588 that a party must identify the subject matter on which an expert is expected to testify, and a summary of the grounds for each opinion. He asserts that because he expected Dr. Steele to give an expert opinion in support of Meade's medical negligence claim, he fully complied with both the spirit and the letter of CR 26.02. Further, Meade contends that his CR 26.02 disclosure was "based on facts surrounding the treatment and the statements made by the treating physicians to the Appellant and Ms. Nalle[3] by Dr. Dvorak wherein Dr. Dvorak advised that as a result of the surgery, the intestine was blocked." Finally, Meade argues that whereas the improper disclosure in Clephas was made mere weeks before trial, the instant disclosure was made with no pending trial date and no prejudice to the Appellees. In sum, Meade seeks an opinion reversing the order striking Dr. Steele as an expert witness.
CR 26.02(4) states that a party may discover the "facts known" and "opinion held" by the opposing party's expert witnesses and "the subject matter on which the expert is expected to testify[.]" Contrary to Appellant's argument, it is clear that CR 26.02 requires disclosure of facts already known and opinions already formed and not anticipated facts or opinions.
In Clephas , supra , a trial court allowed an expert witness to testify at trial, though the disclosure was made significantly after the court's disclosure deadline of 105 days before trial. On appeal, a panel of this Court determined because the timeline revealed that the expert could not have formed an opinion about the Plaintiff's medical condition at the time the Defendant made its CR 26.02 disclosure, the Plaintiff complied with neither the letter nor the spirit of the discovery rules.
In the matter before us, and as in Clephas , Meade made his CR 26.02 disclosure before Dr. Steele had examined the medical records and formed an opinion. In fact, Appellant had no oral or written statement from Dr. Steele regarding his opinions in this case or otherwise prior to entry of the court's summary judgment. It was on this basis that the Fayette Circuit Court struck Dr. Steele as an expert witness, and this conclusion was supported by the record and the law. Expert opinions must be based on reasonable medical probability and not speculation or mere possibility. Morris v. Hoffman , 551 S.W.2d 8, 11 (Ky. App. 1977). Appellant's disclosure of Dr. Steele as expert failed to comply with both the letter and the spirit of CR 26.02.
We find unpersuasive Meade's argument that other evidence - such as "the facts surrounding the treatment" and "statements made by the treating physicians to the Appellant and Ms. Nalle" - tends to support a claim of medical negligence and is sufficient to demonstrate compliance with CR 26.02. CR 26.02(4) addresses only the discovery of the expert witness and the subject matter about which the expert is expected to testify. Other evidence like "the facts surrounding the treatment" do not demonstrate compliance with CR 26.02. Further, the presence or absence of prejudice to the other party is not a consideration. We find no error.
Meade also argues that the circuit court's entry of summary judgment in favor of the Appellees was in error. While acknowledging the general rule in Kentucky that plaintiffs in medical negligence cases must produce expert testimony showing that the medical provider failed to *589 conform to the standard of care, Meade directs us to the exception in cases where the professional negligence is so apparent that even a lay person could recognize it. Baptist Healthcare Systems, Inc. v. Miller , 177 S.W.3d 676, 681 (Ky. 2005). Without pointing to the specific facts of his claim, Meade asserts in general terms that the negligence of Dr. Dvorak was so profound that no expert testimony is required. He notes that lay witness Tambara Nalle "gave detailed testimony concerning the issues of the damage to Mr. Meade caused at the hands of Dr. Dvorak including a statement by Dr. Dvorak that this had never happened to him before," and asserts that a second surgery was required to fix a blockage created by Dr. Dvorak's negligence.
Having closely examined the record and the law, we find no error in the Fayette Circuit Court's conclusion that the purported negligence of Dr. Dvorak was not so apparent that an expert testimony was not required. To the contrary, Meade has cited little or no direct evidence or other lay testimony tending to prove medical negligence. This evidence, taken in its best light, indicates only a less than anticipated result from surgery, which can occur in absence of medical negligence. The difficulty, if not impossibility, of proving medical negligence without expert testimony is the very reason for the general rule requiring expert testimony in medical negligence claims.
Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." Steelvest, Inc. v. Scansteel Service Center, Inc., 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. Id. "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." Id. Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." Scifres v. Kraft, 916 S.W.2d 779, 781 (Ky. App. 1996).
When viewing the record in a light most favorable to Meade and resolving all doubts in his favor, we conclude that there are no genuine issues of material fact of medical negligence or otherwise remaining for adjudication and that Dr. Dvorak and CSGA are entitled to a judgment as a matter of law. The Fayette Circuit Court properly so found. For the foregoing reasons, we AFFIRM the opinion and order of the Fayette Circuit Court.
ALL CONCUR.

Dvorak is an employee of Appellee Colorectal Surgical and Gastroenterology Associates. Defendant Baptist Healthcare Systems, Inc. was dismissed via an agreed order entered on October 9, 2017.

Meade identifies Tambara Nalle as "a witness who was present at the hospital when the issues regarding Mr. Meade's care were discovered and discussed."